UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LOUIS A. SCARPELLINI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:16-CV-215 |
| | ) |
| VINCENNES UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Louis A. Scarpellini ("Scarpellini"), by counsel, brings this action against Defendant, Vincennes University ("Defendant") alleging a violation of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq*.

**II. PARTIES**

2. Scarpellini is a resident of the Commonwealth of Kentucky.

3. Defendant is a university which maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 42 U.S.C. § 12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

6. Scarpellini is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c). At all relevant times, Defendant had knowledge of Scarpellini's

disability and/or it regarded Scarpellini as being disabled and/or Scarpellini has a record of being disabled.

7. Scarpellini satisfied his obligation to exhaust his administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 470-2016-01512 against Defendant alleging disability discrimination. Scarpellini received his Notice of Suit Rights and timely files this action.

8. All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9. Scarpellini was hired by the Defendant in or about June 1999. He worked most recently as the Chair of the Fire Science Department. At all relevant times, he met or exceeded the Defendant's legitimate performance expectations. In fact, Scarpellini helped found the Fire Science Department, and in 2014, he was named Fire Instructor of the Year.

10. Scarpellini suffers from physical impairments, including atrial fibrillation, diabetes and kidney problems, which substantially limited one or more of his major life activities. Defendant was aware of Scarpellini's disability. Scarpellini could perform the essential functions of his position with or without an accommodation. Due to medical issues, Scarpellini resigned on or about June 1, 2014.

11. In or about July 2015, Scarpellini saw that his former position, a faculty position with the Fire Science Department, was open and advertised online. Feeling better, Scarpellini applied for the position. He is qualified and had multiple letters of recommendation. Despite this, Defendant did not select Scarpellini for the position. Upon information and belief, the individual

selected for the position was not disabled.

12. Defendant discriminated against Scarpellini because of his disability.

## V.  CAUSES OF ACTION

### COUNT I-VIOLATION OF THE ADA - DISCRIMINATION

13. Scarpellini hereby incorporates paragraphs one (1) through twelve (12) of his Complaint.

14. Defendant violated Scarpellini's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. by failing to hire Scarpellini because of his real or perceived disability.

15. Defendant's actions were intentional, willful and in reckless disregard of Scarpellini's rights as protected by the ADA.

16. Scarpellini has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Louis A. Scarpellini, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Instate Scarpellini to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Scarpellini of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of the ADAAA;

5. All costs and attorney's fees incurred as a result of bringing this action;

6. Pre- and post-judgment interest on all sums recoverable; and

7. All other legal and/or equitable relief this Court sees fit to grant.


Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC


By: s/Lauren E. Berger_____
Kyle F. Biesecker, Attorney No. 24095-49
Lauren E. Berger, Attorney No. 29826-19
411 Main Street
Evansville, IN 47708
Telephone:    (812) 424-1000
Facsimile:    (812) 424-1005
Email: kfb@bdlegal.com
              lberger@bdlegal.com


Attorneys for Plaintiff, Louis A. Scarpellini

## **DEMAND FOR JURY TRIAL**

Plaintiff, Louis A. Scarpellini, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC


By: s/Lauren E. Berger_____
Kyle F. Biesecker, Attorney No. 24095-49
Lauren E. Berger, Attorney No. 29826-19
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com
          lberger@bdlegal.com


Attorneys for Plaintiff, Louis A. Scarpellini